IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 03-10098-JTM

WALT JASPER SAMUEL SHRUM,

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on two motions of defendant Walt Jasper Samuel Shrum: a Motion for Reconsideration of Sentence (Dkt. No. 40) and a Motion for Hearing (Dkt. No. 41). Shrum petitioned the court to plead guilty to a single count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The court conducted a sentencing hearing on December 12, 2005, and on December 14, 2005 entered judgment, finding Shrum guilty and imposing a sentence of 63 months imprisonment and two years supervised release.

Shrum's Motion for Reconsideration of Sentence, filed April 7, 2006, lists a variety of ailments including "chronic heart disease, Post Traumatic stress disorder, bipolar I disease, and their accompanying illness" as well as loss of hearing in his right ear "because of otitis media, perforation, and no triage or surgery." (Dkt. No. 40, at 2). He makes nonspecific complaints of abuse by prison officers, and believes that "[m]y life is just a burden upon society and combined with all the total circumstances I'm living a slow agonizing death for no apparent purpose." Id. Shrum's motion is not specific as to the relief sought other

than in its heading: "Motion to Reconsider Sentence / Petition for the Right to Die — Compelling a Medically Assisted Suicide — Death by Lethal Injection." Shrum's subsequent Motion for Rehearing lists a variety of constitutional claims, which appear to all center on the conditions of his confinement. The motion seeks relief in the form of a Writ of Habeas Corpus, 28 U.S.C. §§ 2241 and 2255, as well as a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c) provides a narrow basis for the modification of a sentence of imprisonment. Under the statute:

> The court may not modify a term of imprisonment once it has been imposed except that —
>
> (1) in any case
>
>     (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment ... if it finds —
>
>         (i) that extraordinary and compelling reasons warrant such a reduction; or
>
>         (ii) the defendant is at least 70 years of age, has served at least 30 years ... (and) is not a danger to the safety of any other person or the community ...
>
>     and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and
>
>     (B) the court may modify an imposed term to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]

Shrum has failed to show any entitlement for relief under § 3582(c)(1), which provides for relief in extraordinary circumstances *upon motion by the Director of the Bureau of Prisons*. Here, the

Director did not file the motion for reduction of sentence. Nor is relief under § 2255 appropriate, since Shrum's arguments do not attack the validity of the sentence imposed (Shrum acknowledges the "complete effectiveness" of his defense counsel and that "[i]t was my own behavior that brought me before this Court and I accept complete responsibility!" (Dkt. No. 40, at 2). *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Finally, § 2241 is not an appropriate vehicle for relief under the circumstances of the case since the real argument of the petitioner (notwithstanding the histrionic request for assisted suicide in the absence of other relief) does not seek a reduction in the sentence imposed or an immediate or unconditional release from confinement; rather, petitioner requests that the court "order an investigation and grant an order of protection ad litem" against the various physical injuries allegedly being inflicted by prison officers. (Dkt. No. 41, at 9). Accordingly, Shrum's appropriate vehicle for relief is independent civil litigation. "A prisoner may use § 1983 to challenge the conditions of his confinement," while habeas corpus should be reserved for challenges "to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement." *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005).

Having considered the record and arguments of the petitioner, the court concludes the petitioner is not entitled to habeas corpus or other relief.

IT IS THEREFORE ORDERED this 26th day of May, 2006 that Shrum's Motion for Reconsideration and Motion for Hearing (Dkt. Nos. 40, 41) are hereby denied.

                                          <u>s/ J. Thomas Marten</u>
                                          J. THOMAS MARTEN, JUDGE